NORTHWESTERN NAT. INS. CO. (MARSH v.).　See Case No. 9,118.

NORTHWESTERN INS. CO. (SAYLES v.). See Cases Nos. 12,421 and 12,422.

NORTHWESTERN MUT. LIFE INS. CO. (GRIDLEY v.).　See Case No. 5,808.

---

## Case No. 10,338.

### NORTHWESTERN MUT. LIFE INS. CO. v. OVERHOLT.

[4 Dill. 287;[1] 6 Cent. Law J. 188.]

Circuit Court, D. Colorado.　1878.

CONFLICT OF LAWS—POWER OF CORPORATIONS TO TAKE MORTGAGES IN OTHER STATES—STATUTE OF COLORADO CONSTRUED.

1. The rule that a contract shall be judged by the law of the place in which it is made is not applicable to real estate, which can be conveyed only according to the law of the place in which it is situated.

2. The statute of the late territory of Colorado provided that foreign corporations should file a copy of the charter, or other evidence of their incorporation, within thirty days after commencing business in the territory, but contained nothing to indicate that this was a condition on which they might continue in business.　But it did provide a penalty against the officers for a failure to file such evidence: *Held*, that, though the complainant had failed to comply with the statute in respect to such filing, it was yet capable of taking a mortgage on real estate in the late territory, and that no prohibition to continue in business could be implied from these enactments.

[Cited in Kindel v. Beck & Pauli Lith. Co., 19 Colo. 310, 35 Pac. 539.]

Bill to foreclose a mortgage given to plaintiff by defendants, April 14th, 1874, to secure a bond for $2,000, given by one Abraham to plaintiff, payable in five years.　The bond has become due by reason of a default in the payment of interest.　Other facts are in the agreed statement.

Frederick W. Pitkin, for complainant.

Symes & Decker, for defendants.

HALLETT, District Judge.　The mortgagee is a foreign corporation, which had not, at the date of the mortgage, filed a copy of its charter in the office of the county clerk, as required by the act of 1868.　Rev. St. 1868, p. 150.　The company had then been doing business in the territory for more than thirty days, and the question is whether the omission to comply with the act makes void the mortgage.

Plaintiff claims that the contract was made in Wisconsin, and is for that reason subject

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

only to the law of that state.　But the fact is that the bond and mortgage were executed and delivered in this state; and the circumstance that the negotiation for the loan was with the officers of the company in Milwaukee, apparently by mail, is not controlling. The situs of the contract, and the place of payment named in the bond, are, however, of little weight in determining the question presented, for, without capacity in the plaintiff to take and hold real property in this state, the mortgage must be void.　The rule that a contract shall be judged by the law of the place in which it is made, is not applicable to real estate, which can be conveyed only according to the law of the place in which it is situated.　Story, Confl. Laws, § 430.　Whether the mortgage was made in Wisconsin or here, the plaintiff cannot take anything by it if it was incapable of holding real estate under our law.　In this particular the contract will be tested by the law of this state, wherever it may have been made, for the plaintiff could do nothing with this property except by the permission of the local government.　Paul v. Virginia, 8 Wall. [75 U. S.] 168.　If, then, the statute prohibited the company from doing business in the territory until the charter of incorporation should be filed, we cannot doubt as to the effect of it, but such prohibition should appear with reasonable certainty.　It cannot be assumed that the legislature intended more than is expressed, and I cannot find in the act any prohibitory words whatever.　Recognizing the existence of foreign corporations, and their right to do business in the territory, the legislature requires them to file a copy of the charter, or other evidence of incorporation, within a period of thirty days after commencing business; but there is nothing to indicate that this is a condition on which corporations may continue in business.　On the contrary, a penalty is given, which was probably thought to be sufficient to secure a proper observance of the act.　In the possible case, of which this may be an illustration, where a corporation may do business without an officer or agent in the state, the punishment would fail; but this will not authorize the addition of another penalty to that which is prescribed.　The language of the act is in marked contrast with others which have been regarded as establishing conditions on which foreign corporations may do business.

In Oregon, corporations must comply with the act before doing business in the state, and there is no way of enforcing the command except that of holding contracts, made in defiance of the act, to be void.　In re Comstock [Case No. 3,078]; Oregon & W. Trust Inv. Co. v. Rathburn [Id. 10,555].　In Illinois, it is not lawful to make contracts until the act has been obeyed.　Cincinnati Mut. Health Assur. Co. v. Rosenthal, 55 Ill. 85.　Our act does not go so far, but merely enjoins a duty, and punishes disobedience to its command— not by avoiding the contracts of the company,

but by holding its officers, agents, and stockholders liable for such contracts. It is as if the company had been required, under a penalty, to publish a statement of assets, or a list of its officers, for the information of the public, and had failed therein. No one would contend that the company, by such failure, had become incapable of making contracts, although it had, in fact, violated the law. The decree must be for the plaintiff. Decree accordingly.